UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

STEVEN H. BLONDHEIM,

Plaintiff,

v.

OLMSTED COUNTY, OLMSTED COUNTY SHERIFFS' DEPARTMENT, ROCHESTER CITY POLICE DEPARTMENT, MARK ALLEN, OLMSTED COUNTY ADULT DETENTION CENTER, STEVEN VONWALD, John & Jane Doe(s) Staff, PETER HUUS, ERIC STROP, PAUL WALECH-ROTH, and Dr. LUGGENE DORR,

Defendants.

Civil No. 02-385 (PAM/SRN)

ORDER

Plaintiff commenced this action by filing a civil complaint, (Docket No. 1), an application seeking leave to proceed in forma pauperis, ("IFP"), (Docket No. 3), and a motion for appointment of counsel, (Docket No. 2). The matter is now before the Court for rulings on Plaintiff's IFP application and his request for appointment of counsel.

A. The IFP Application

The Court finds that Plaintiff is financially eligible for IFP status, and that his IFP application should be GRANTED. This means that the filing fee for this action will be waived, and that Plaintiff is entitled to have service of process performed by the U.S. Marshal. (See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2).) However, Marshal service cannot be accomplished at this time, because Plaintiff has failed to submit an adequately supported request for such service. To cure this deficiency, Plaintiff must submit one

FILED APR 19 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

properly completed Form USM-285,[1] and one extra copy of his complaint (to be used for service), for each Defendant to be served. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam) (it is the pro se plaintiff's "responsibility to provide proper addresses for service on [defendants]"), cert. denied, 510 U.S. 875 (1993). If Plaintiff does not satisfy this requirement by May 15, 2002, he will be deemed to have abandoned his action, and it will be recommended that the case be dismissed, without prejudice, for lack of prosecution. Fed. R. Civ. P. 41(b). If Plaintiff does satisfy this requirement in a timely manner, then a summons shall be issued, and service of process shall be performed by the U.S. Marshal.

B. Motion For Appointment of Counsel

Plaintiff also has filed a motion asking the Court to appoint counsel to represent him in this matter. Pro se litigants do not have a constitutional or statutory right to counsel in civil cases. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). Rather, the appointment of counsel in cases such as this one is a matter committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the litigant to present his claims, the complexity of the legal issues and whether both the litigant and the court would benefit from having the litigant represented by counsel. McCall, 114 F.3d at 756; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The Court finds that neither the facts nor the legal issues involved in this case

---

[1] Form USM-285 will be provided by the Clerk's office upon request.

are so complex as to warrant appointment of counsel. It appears to the Court that Plaintiff has the threshold ability to articulate his claims and to argue his positions, and that he will be able to communicate effectively with the Court. Moreover, the Court is presently satisfied that appointment of counsel would not substantially benefit the Court or Plaintiff. Therefore, Plaintiff's request for counsel will be denied.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 3), is GRANTED;

2. On or before May 15, 2002, Plaintiff shall file one completed Form USM-285, and one extra copy of his Complaint, for each Defendant to be served, failing which it will be recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b);

3. If Plaintiff complies with the requirements of this order in a timely manner, a summons shall be issued and the U.S. Marshal shall effect service of process on Defendants; and

4. Plaintiff's motion for appointment of counsel, (Docket No. 2), is DENIED.

Dated: April 19, 2002

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge