UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

STEVEN H. BLONDHEIM,

Plaintiff,

v.

OLMSTED COUNTY, OLMSTED COUNTY SHERIFFS' DEPARTMENT, ROCHESTER CITY POLICE DEPARTMENT, MARK ALLEN, OLMSTED COUNTY ADULT DETENTION CENTER, STEVEN VONWALD, John & Jane Doe(s) Staff, PETER HUUS, ERIC STROP, PAUL WALECH-ROTH, and Dr. LUGGENE DORR,

Defendants.

Civil No. 02-385 (PAM/SRN)

ORDER

On September 5, 2002, Plaintiff submitted the attached Reasons to Amend Complaint to the undersigned. This pleading shall be construed as a Motion to Amend the Complaint. Briefs, if any, in opposition to the amendment shall be submitted on or before October 15, 2002.

Dated: September 27, 2002

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge

FILED ______
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Steven H. Blondheim, cv No. 02-385

Plaintiff,

vs. Reasons to amend Complaint

Olmsted County, et al.,

Defendants.

---

Plaintiff respectfully submits the following acts carried out by the persons named to be considered in granting or denying Plaintiff's previous Motion to Amend the complaint.

1. James Martinson and Raymond Schmitz of the county attorneys office for the malicious prosecution of Plaintiff while knowing another person had inflamed the alleged victim's vagina; charging plaintiff in open Court with felonies, via "hand-signals" to Judge Mork, without probable cause or complaint; failing to inform Plaintiff of the nature and cause of the accusation; failing to allow confrontation of the witnesses against him. In conspiring to do the above they have violated the Fourth (seizure), Fifth (due process of law, life, liberty and property), Sixth (speedy and public trial, nature and cause, and confrontation), Eighth (excessive bail, excessive fines and cruel and unusual punishment) and Fourteenth (due process of law, equal protection of the law and life, liberty and property) Amendments of the U.S. Constitution.

1.(a). August 27, 2002 James Martinson signed a false document in violation of Title 18 U. S. C. 1001, Material Misrepresentation, which did what lies do. That false document was cause for the Honorable Kevin Lund 3rd Judicial District of Minnesota to strike from the court calendar a hearing set on to correct the previously imposed, incorrect sentence pursuant to Minn. Stat.§ 609.109, subd. 7a (2000). Plaintiff will now suffer further State abuses and violations of his constitutional rights due to the lie by Martinson. Plaintiff is still under the authority of the State, although he has fulfilled his part of the agreement, made with, and accepted by, the State court. Plaintiff requests Martinson be held accountable for his crime and each day I suffer, due directly to his lie.

2. William Wright of the State public Defender office and Judge James Mork for conspiring to, and denying, constitutional rights.

a. Approx. February 28, 1996 Wright came to see me at the jail where I had been the subject of a vigilante assault due to imaginary crime(s) and held more than 36 hours, w/o bond, court appearance, probable cause, access to a working telephone or warrant for a "misdemeanor". I told Wright that if there was a problem with the case, my mother was going to send $5,000.00 to have a real lawyer look at it. Wright then said "You wouldn't need that". When I asked him what he meant by that comment, he would not answer. He knew Our rights and denied them.

b. March 5, 1996 a hearing was held without my knowledge or presence concerning the (fictitious) felony where Wright allegedly waived my rights to confront my accuser and a probable cause hearing while knowing there was no evidence of a crime or probable cause.

c. August 14, 1996 I appeared at a pre-trial hearing in an empty (and dark) courtroom where Judge Mork asked me if I was going to take the plea-bargain. When the court reporter asked Mork if she should record the proceedings, he threw out his left hand and stated "No-No". I refused the plea-bargain and Mork said "I'll give you some more time to think about it". I was returned to jail.

d. August 20, 1996, six days later, I was repeatedly confronted by two of staff that fully intended to turn it into a physical event, which they did, upon my back. See 98-1813 U.S. District Court-Minnesota.

e. September 3, 1996 the State had, for the third time, failed to bring me to trial on scheduled trial dates.

f. September 4, 1996, and one day after my last scheduled trial date, I was taken to Court (dark and empty, again) where Mork asked if I was going to take the plea and I said "No". He then removed us all to the jury room where he explained I would only have to do 52 months of the 78 month sentence. I again refused. Mork then asked the prosecutor, Martinson, to come down to a 58 month sentence. Martinson stated that he didn't "think" the victim would agree. I again refused.

Mork then stated that if I did not take the plea-bargain and I was convicted on any one charge, he would automatically double the presumptive sentence of 148 months (the first time I heard of any such sentence) and "probably" triple it. I again refused. As Martinson and the court reporter rose to leave the room, Mork got up to follow, stopped across the table in front of Wright, leaned over the table to look directly at him and stated "I'll give you a few minutes alone with your client"(please see 2.c. above), as he pushed his eye-glasses back on his nose.

g. The bailiff came in, hand-cuffed me and took myself, along with Wright, to a jail holding cell where Wright stated "you don't deserve this". When I asked him what he was talking about he would not answer. Wright then stated "you will be convicted by an Olmsted county jury, made up of police officers wives, friends and other relatives". Mork then appeared at the holding cell and had the deputy open the door. Mork then asked of Wright, "do we have a deal"? and stated "I need to know, so I can tell the jury they can leave". I would not, and did not, plead guilty to any specific conduct because I had done no wrong. Furthermore, it is recorded in the plea transcript that when I was asked if I had been threatened or promised anything to get me to plead guilty, the answer is, "no verbal answer".

Through their acts, collusion and conspiracy, Wright and Mork did deny me every constitutional right mentioned above.

3. The allegations against Mark "Loren(?)" Allen will remain, and include officer Wiese for the false "misdemeanor" arrest and failure to timely present me to the Court for a probable cause hearing and/or determination and hold me without bond, etc. see original complaint, as he is unable to "see" through telephone lines to ascertain who is on the other end. To arrest for a misdemeanor, a crime must be committed in the "presence" of the officer and allow him to detect through his senses, "who" is committing a crime. The arrest "ticket" is not signed under proper sworn declaration.

4. Plaintiff's "dial-a-lawyer", John O. Murrin, must be included as he is the one to intentionally omit through conspiracy the allegations in this complaint, from the 1998 Complaint, and thereby aiding defendant's Olmsted county et al. in denying the constitutional rights mentioned above.

In granting leave to amend the Court will save the filing of another lawsuit, as these allegations are brought within the six year statue of limitations, today, six years to the day of the involuntary plea.

These type "secret" courts, void of public view, cannot stand in America.

Respectfully submitted,

Steven H. Blondheim

September 4, 2002

Steven H. Blondheim
426 2nd Avenue SW
Rochester, MN 55902