**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Steven H. Blondheim,** **Civil No. 02-385 (PAM/SRN)**

**Plaintiff,**

v.

**ORDER**

**Olmsted County, Olmsted County Sheriff's Department,**
**Rochester City Police Department, Mark Allen,**
**Olmsted County Adult Detention Center,**
**Steven Vonwald, John & Jane Doe(s) Staff,**
**Peter Huus, Eric Strop, Paul Walech-Roth,**
**Dr. Lugene Dorr,**

**Defendants.**

---

Plaintiff is pro se

Gregory J. Griffiths, Esq., on behalf of Defendants (other than Rochester City Police Department, and Dr. Lugene Dorr).

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on Plaintiff's Motion to Amend the Complaint (Doc. Nos. 18 & 24). This Order addresses that Motion.

## I. PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

### A. Background.

On July 25, 2002, Plaintiff filed his Motion to Amend Complaint (Doc. No. 18). On September 5, 2002, Plaintiff filed his Reasons to Amend Complaint (Doc. No. 24). On

OCT 31 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

September 27, 2002, the Court issued an Order stating Plaintiff's Reasons to Amend Complaint would be interpreted as a Motion to Amend the Complaint. The Order instructed Defendants to file any briefs in opposition to Plaintiff's motion by October 15, 2002. On October 16, 2002, Defendants filed their memorandum in opposition to Plaintiff's motion.

**B. Discussion.**

**1. Procedural Standard.**

Federal Rule of Civil Procedure 15(a) provides that a court may allow amendments to pleadings "when justice so requires." In interpreting this rule, the Supreme Court has stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded the opportunity to test his claims on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). Neither delay nor dilatory motive are sufficient in themselves to deny a party leave to amend a pleading. The delay or dilatory motive must result in prejudice to the party opposing the motion. Buder v. Merrill Lynch, Pierce, Fenner & Smith, 644 F.2d 690, 694 (8th Cir. 1981). Even if the adverse party would suffer some prejudice if the motion to amend were granted, that prejudice must be balanced against the hardship to the moving party if the motion were denied. Id.

The Eight Circuit has held that "[a]lthough amendment of a complaint should be allowed liberally to ensure that a case is decided on its merits, . . . there is no absolute right to amend." Ferguson v. Cape Girardeau County, 88 F.3d 647, 650-51 (8th Cir. 1996). In particular,

leave to amend may be properly denied when the proposed amendment would be futile. See Holloway v. Dobbs, 715 F.2d 390, 392-93 (8th Cir. 1983). The Eighth Circuit has also held, however, that amendments should be denied on the merits of the claim only if the amendment asserts clearly frivolous claims. Buder, 644 F.2d at 694. The determination as to whether to grant leave to amend is entrusted to the sound discretion of the trial court. Niagra of Wisconsin Paper Corp. v. Paper Industry Union Management Pension Fund, 800 F.2d 742, 749 (8th Cir. 1986).

**2. Immunity Standard.**

In Imbler v. Pachtman, 424 U.S. 409 (1976), the United States Supreme Court addressed the issue of prosecutorial immunity in the context of § 1983 actions. The Court stated the following:

> We conclude that the considerations outlined above dictate the same absolute immunity under § 1983 that the prosecutor enjoys at common law. To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest. It would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system.

Id. at 427-28.

**C. The Parties' Positions.**

Plaintiff seeks to amend the Complaint. Plaintiff's motion is not entirely clear, but the Court interprets the motion to be adding the following claims: (1) malicious prosecution and prosecutorial misconduct against Assistant Olmsted County Attorneys James Martinson and Raymond Schmitz, resulting in Plaintiff's suffering and the denial of his constitutional rights; (2)

malpractice against State Public Defender William Wright, resulting in the denial of Plaintiff's constitutional rights; (3) conspiracy to deny constitutional rights against Wright and District Judge James Mork; (4) false arrest and failure to timely present Plaintiff to the court against Olmsted County Deputy Mark Allen; and (5) malpractice against attorney John O. Murrin.

In support of his motion, Plaintiff alleges that he was unjustly arrested for violating an order for protection. He also contends that his conviction for violation of an order for protection and criminal sexual conduct were the result of official misconduct and conspiracy on behalf of the presiding judge, prosecutors, and his public defender. Plaintiff's argument in support of the claim against Murrin, is that "he is the one to intentionally omit through conspiracy the allegations in this complaint, from the 1998 Complaint, and thereby aiding defendants Olmsted county et al. in denying the constitutional rights mentioned above."

The 1998 case to which Plaintiff refers is titled Blondheim v. County of Olmsted, Paul Walech Roth, Eric Strop and Seven Vonwald, Court File No. 98-1813 (the 1998 suit). The 1998 suit involved claims by Plaintiff that while he was confined to Olmsted County Jail in connection the above mentioned prosecution, officers in the Olmsted County Sheriff's Department kicked him and caused him serious injury. On June 30, 1999, the Honorable Michael J. Davis, United States District Judge for the District of Minnesota, granted the defendants partial summary judgment in the 1998 suit. On October 22, 2001, a jury held against Plaintiff on all of his remaining claims.

Defendants respond that Plaintiff's motion seeks to add futile claims, and, therefore, should be denied. Defendants argue that Plaintiff is attempting to relitigate the same issues that were involved in the 1998 suit. Consequently, they state the claims and issues are barred by res

judicata and collateral estoppel. Defendants also contend that Judge Mork, and Assistant Olmsted County Attorneys Martinson and Schmitz are protected by judicial immunity. In addition, they argue that under Minnesota law, State Public Defender Wright is immune from legal malpractice claims. Defendants also contend that under Minnesota law, all sheriff's department employees are entitled to immunity. Finally, Defendants state that "any legal malpractice claim against Mr. Murrin does not relate in any way to any of the facts or issues presently before this Court. Accordingly, there is no reason they should be included here."

**D. The Court's Order.**

The Court denies Plaintiff's motion in part and denies it without prejudice in part.

**1. Denied claims.**

The Court denies Plaintiff's motion with respect to the first four claims because they are futile. Plaintiff cannot maintain a civil rights action against the judge in his criminal case, because he is immune from suit under the doctrine of judicial immunity. Pierson v. Ray, 386 U.S. 547, 553-54 (1967) (reaffirming that judges are completely immune from civil lawsuits based on claims of misconduct during the performance of their judicial functions). See also Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Mireles v. Waco, 502 U.S. 9, 11 (1991); Liles v. Reagan, 804 F.2d 493, 495 (8th Cir. 1986).

Plaintiff also can not maintain a civil rights action against the county attorneys who prosecuted his criminal case, because they are immune from suit under the doctrine of prosecutorial immunity. See Imbler, 424 U.S. at 427-428 (holding that prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution). See also Patterson v. Von Riesen, 999 F.2d 1235, 1237 (8th Cir. 1993);

Snelling v. Westhoff, 972 F.2d 199, 200 (8th Cir. 1992) (per curiam), cert. denied, 506 U.S. 1053 (1993).

Plaintiff also can not prevail in any claim against Defendant Wright for § 1983 violations. In this context, public defenders are regarded identically with private attorneys, and are not considered "state actors" who can be sued in a § 1983 civil rights action. Polk County v. Dodson, 454 U.S. 312, 318 (1981); Dotlich v. Kane, 497 F.2d 390 (8th Cir. 1974); Sebastian v. U.S., 531 F.2d 900, 904 (8th Cir.), cert. denied, 429 U.S. 856 (1976).

The Supreme Court has clarified the Polk holding by stating,

> The Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." 454 U.S., at 325, 102 S.Ct., at 453. In this capacity, the Court noted, a public defender differs from the typical government employee and state actor. While performing his duties, the public defender retains all of the essential attributes of a private attorney, including, most importantly, his "professional independence," which the State is constitutionally obliged to respect. Id., at 321-322, 102 S.Ct., at 451. A criminal lawyer's professional and ethical obligations require him to act in a role independent of and in opposition to the State. Id., at 318- 319, 320, 102 S.Ct., at 450. The Court accordingly concluded that when representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for purposes of § 1983 because he "is not acting on behalf of the State; he is the State's adversary." Id., at 323, n. 13, 102 S.Ct., at 452, n. 13. See also Lugar v. Edmondson Oil Co., 457 U.S., at 936, n. 18, 102 S.Ct., at 2753, n. 18.

West v. Atkins, 487 U.S. 42, 50 (1988). Consequently, Plaintiff can not sue his public defender for § 1983 violations.

The Court recognizes that under Dennis v. Sparks, 449 U.S. 24 (1980), a public defender could conceivably be held liable for conspiring with a judge to violate Plaintiff's constitutional

rights. As the Court stated,

> to act "under color of" state law for § 1983 purposes does not require that the defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting "under color" of law for purposes of § 1983 actions. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26.

Id. at 27-28. Further, the Court explained an action against a private actor could be maintained even after the judge was dismissed based on his or her own immunity. See id. at 30.

In the present case, however, the Court finds no merit to Plaintiff's allegations of conspiracy against his public defender. Plaintiff alleges no credible facts to support his claim. Plaintiff first states that a hearing was held on March 5, 1996, without his knowledge, in which Wright "allegedly waived my rights to confront my accuser and a probable cause hearing while knowing there was no evidence of a crime or probable cause." This statement is not credible because Plaintiff's motion also discusses plea negotiations which took place on subsequent dates. Had Wright somehow actually waived Plaintiff's rights, there would be no need for further negotiations, and Judge Mork would not have continued to inquire into whether Plaintiff had accepted the plea agreement. Further, Plaintiff offers no evidence to support this allegation.

Plaintiff's other argument in support of his conspiracy claim is that Wright stated to him that he would be convicted because the jury would be comprised of police officers' wives, friends, and other relatives. Even if this statement is true, it does not suggest that Wright conspired against Plaintiff. Instead, it appears to be a defense lawyer's attempt to inform his client of the risks of proceeding to trial. The Court can not construe such behavior as evidence of a conspiracy. If it were, then courts would have to permit virtually every criminal defendant who

was convicted to proceed beyond the pleading stage with a conspiracy claim. The Court finds, instead, that Plaintiff's claim is based on speculation and non-credible evidence. Consequently, it should be denied.

Plaintiff's proposed claim against the arresting officers is also futile, because it is barred by Minnesota's two-year statute of limitations. See Minn. Stat. § 541.07(1) (setting two-year statute of limitations for "libel, slander, assault, battery, false imprisonment, or other tort, resulting in personal injury"). The alleged false arrest took place in 1996, and therefore, the statute of limitations has now run. The same reasoning applies to any malpractice claims against Wright.

**2. Claims denied without prejudice.**

The Court denies without prejudice Plaintiff's claim against his private attorney. Plaintiff's current case concerns his prosecution and ultimate conviction for violation of an order for protection and criminal sexual conduct. The issue of Murrin's representation of Plaintiff in the 1998 suit is separate from these claims. While Plaintiff states that Murrin conspired to omit facts from the 1998 Complaint, Plaintiff supplies no facts to support this allegation. To the extent that this is a malpractice claim, it is essentially a state law tort claim, and independent federal subject matter jurisdiction is lacking.

Under 28 U.S.C. § 1367(c)(3), a federal district court may decline to exercise supplemental jurisdiction over state law claims when the court has "dismissed all claims over which it has original jurisdiction." While Plaintiff's federal claims have not been dismissed, the Court seriously doubts Plaintiff will be successful on any of those claims. Consequently, this subsection of the statute is still a useful guide. In addition, a federal district court would not be

the most suitable forum for adjudicating Plaintiff's state law claims. Id. at 220 (stressing "the need to exercise judicial restraint and avoid state law issues wherever possible"). Thus, the Court concludes that it would not be appropriate to grant Plaintiff's motion with respect to the claims against Murrin and exercise supplemental jurisdiction over them. Those claims should be dismissed without prejudice, leaving Plaintiff free to pursue them in the state courts, if he chooses.[1]

**THEREFORE, IT IS HEREBY ORDERED that:**

(1) Plaintiff's Motion to Amend the Complaint (Doc. Nos. 18) and (Doc. No. 24) is **DENIED IN PART AND DENIED IN PART WITHOUT PREJUDICE.**

Dated: October 30, 2002

SUSAN RICHARD NELSON
United States Magistrate Judge

[1] Plaintiff should not misconstrue this ruling as an encouragement to seek relief in state court. As far as this Court can tell, he has no viable state law claim worth pursuing.