UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Steven H. Blondheim,

Plaintiff,

v.

Olmsted County, Olmsted County Sheriff's Department, Rochester City Police Department, Mark Allen, Olmsted County Adult Detention Center, Steven Vonwald, John & Jane Doe(s) Staff, Peter Huus, Eric Strop, Paul Walech-Roth, and Dr. Lugene Dorr,

Defendants.

Civ. File No. 02-385 (PAM/RLE)

**MEMORANDUM AND ORDER**

---

Plaintiff Blondheim alleges that he suffered various injuries as a result of malicious prosecution, excessive force, inadequate medical treatment, and violations of his due process rights. This matter is before the Court on Defendant Dr. Lugene Dorr's Motions for Judgment on the Pleadings and for Summary Judgment,[1] Defendant Rochester City Police Department's Motion to Dismiss, and the remaining Defendants' Motion for Summary Judgment. For the reasons that follow, the Court grants Dr. Dorr's Motion for Judgment on

[1] Because the Court grants Dr. Dorr's Motion for Judgment on the Pleadings and did not consider evidence outside of the pleadings for the claims implicating Dr. Dorr, the Court need not rule on Dr. Dorr's Motion for Summary Judgment.

FILED NOV 0 1 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

the Pleadings, grants Rochester City Police Department's Motion, and grants the remaining Defendants' Motion in part.

**BACKGROUND**

Blondheim attacks the validity of his arrest and conviction. On February 15, 1996, two intoxicated men attacked him. Following the assault, one of the assailants told police that he believed Blondheim was "abusing a minor female" that lived with Blondheim. (Compl.¶ 11.) While in the hospital after his attack, Blondheim first suspected that the Olmsted County Sheriff's Department was conspiring to fabricate the basis for his arrest. Defendants Olmsted County Sheriff's Department and Rochester City Police Department later arrested Blondheim, although Blondheim characterizes his arrest as entrapment. Additionally, Blondheim believes the law enforcement agencies lacked probable cause for the arrest because the probable cause rested on the unreliable testimony of his earlier assailants, men that Blondheim describes as drug addicts. Once arrested, Blondheim claims that he was held without access to a working telephone and did not appear before a court or judicial officer for more than 36 hours. When he did appear in court to face charges, he claims that he was denied the assistance of counsel.

The Complaint also alleges a failure to protect claim. (Compl. ¶ 21.) On February 21, 1996, Defendant Steven Vonwald and the staff of the Olmsted County Adult Detention Center released another detainee, the father of the girl that Blondheim was accused of

sexually assaulting, and allowed the father to attack Blondheim. The Court directed Defendants to address this paragraph in its October 7, 2002, letter to the parties.

Finally, in his Complaint, Blondheim asserts various claims related to an injury he received in an altercation with prison officials during his pretrial detention. On August 20, 1996, Blondheim claims that Defendants Eric Strop and Paul Walech-Roth severely injured him when one of them kicked the inside of his right knee. Blondheim claims that he was subsequently secluded in an effort to cover-up the injury and now requests damages for delayed and inadequate medical attention. Blondheim asserts that he now needs major reconstructive knee surgery to repair the damage done by Defendants.

**STANDARD OF REVIEW**

Defendant Dr. Lugene Dorr moved for Judgment on the Pleadings and Defendant Rochester City Police Department filed a Motion to Dismiss. On a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, courts must accept as true the well-pleaded allegations in the complaint and draw all inferences therefrom in favor of the non-moving party. Lion Oil Co, Inc. v. Tosco Corp., 90 F.3d 268, 270 (8th Cir.1996). Thus, the distinction between a Rule 12(c) motion and a Rule 12(b)(6) motion is purely formal because courts must review all such motions under the same standard. See Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). In this case, Dr. Dorr's and the Rochester City Police Department's Motions will be granted only if "it appears beyond doubt that [Plaintiffs] can prove no set of facts which would entitle [them] to relief."

Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986); see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Court will not, however, "blindly accept the legal conclusions drawn by the [Plaintiffs] from the facts." Morton, 793 F.2d at 187.

Defendants, other than Dr. Dorr and the Rochester City Police Department, filed a Motion for Summary Judgment. They raise defenses based on the doctrines of res judicata and collateral estoppel, the statute of limitations and official immunity. None of the arguments, however, require the Court to look beyond the pleadings. Therefore, the Court construes their Motion as a 12(c) Motion for judgment on the pleadings.

Blondheim filed a response brief in opposition to Defendants' Motions at oral argument. Because of the untimely nature of the response, the Court refuses to consider it.

**DISCUSSION**

Reading the Complaint liberally, see Bracken v. Dormire, 247 F.3d 699, 703 (8th Cir. 2001)(citing Jones v. Jerrison, 20 F.3d 849, 853 (8th Cir. 1994)), Blondheim asserts four claims or sets of claims: 1) claims arising from a knee injury sustained while in pretrial detention; 2) claims based on alleged substantive deficiencies in his arrest and conviction, such as lack of probable cause and false charges; 3) a claim for violations of his Fifth and Sixth Amendment right to counsel; and 4) a claim that prison officials allowed another detained individual to assault him. The first three claims are without merit. The first set of claims are barred by the doctrines of collateral estoppel and res judicata. The second and third set of claims are barred by the Heck rule. See Heck v. Humphrey, 512 U.S. 477, 484-

87 (1994). The Heck rule does not apply to the fourth claim, however, and that claim did not arise out of the same transaction and occurrence as the first set of claims. The Court permits this claim for failure to protect to proceed.

Before addressing the four claims individually, the Court finds that Blondheim cannot properly sue Olmsted County through § 1983. A municipality may be held liable under §1983 only if a "deliberate action attributable to the municipality itself is the 'moving force' behind the plaintiff's deprivation of rights." Bd. of County Comm'rs v. Brown, 520 U.S. 397, 400 (1997). A local municipality's policy, custom, or practice must have caused the plaintiff's constitutional injuries. Id. at 403. A plaintiff must show: 1) that there was a continuing, widespread, persistent pattern of unconstitutional conduct; 2) deliberate indifference to or tacit authorization of such conduct by the city's policymaking officials after notice to the officials of the misconduct; and 3) that plaintiff's injuries were caused by the city's custom or practice. Mettler v. Whitledge, 165 F.3d 1197, 1204 (8th Cir. 1999) (citations omitted). In this case, Blondheim has provided no evidence that his injuries resulted from Olmsted County's deliberate indifference to or tacit authorization of a continuing, widespread, persistent policy or custom. Therefore, Blondheim has not presented an appropriate claim against Olmsted County for constitutional violations.

### A. Collateral Estoppel and Res Judicata

Blondheim raises various claims ranging from medical malpractice to Eighth Amendment violations on the basis of a knee injury that he sustained during an altercation

with detention center officials. The doctrines of collateral estoppel and res judicata bar these claims. Blondheim filed a law suit based on the same injury and subsequent medical care in 1998. See Blondheim v. County of Olmsted, No.02-1055, 2002 WL 31130716, at *1 (8th Cir. Sept. 27, 2002). Judge Davis issued an order dismissing the constitutional claims, the Minnesota Human Rights Act claim, the ADA claim, and the medical malpractice/negligence claims, but allowed the intentional tort claims to proceed to trial. Id. At trial, a jury found that the defendants were not liable for any of the torts raised in Blondheim's Complaint that were related to his knee injury. Id.

A prior judgment precludes a claim when three requirements are met: 1) the prior judgment was rendered by a court of competent jurisdiction; 2) the judgment was a final judgment on the merits; and 3) the same cause of action and same parties or their privies are involved in both cases. Gurley v. Hunt, 287 F.3d 728, 731 (8th Cir. 2002). Res judicata precludes the parties from relitigating issues that were or that should have been raised in that action. Id. In this case, Blondheim asserts claims that he raised or should have raised in the prior case against Defendants Olmsted County, Paul Walech-Roth, Eric Strop, and Steven Vonwald, who were all defendants involved in the prior judgment. Res judicata precludes Blondheim's claims arising from his knee injury against those four Defendants.

Collateral estoppel precludes a party from litigating an issue that a prior court already adjudicated. Nonmutual defensive issue preclusion forecloses a plaintiff from litigating an issue that the plaintiff previously litigated against another defendant and lost. See Illinois

Farmers Ins. Co. v. Reed, 647 N.W.2d 553, 563-64 (Minn. App. 2002) (noting that Minnesota recognizes nonmutual defensive collateral estoppel and citing Aufderhar v. Data Dispatch, Inc., 452 N.W.2d 648, 650-52 (Minn. 1990)). Blondheim had a full and fair opportunity to litigate the claims arising from his knee injury. Therefore, he is estopped from raising the same claim against Defendants who were not parties to the prior action.

**B. The Heck Rule**

The Heck rule bars Blondheim's second and third sets of claims. In Heck v. Humphrey, the Supreme Court ruled that a court must dismiss a plaintiff's claim for civil damages when adjudication of that claim necessarily implies the invalidity of the plaintiff's conviction or sentence. 512 U.S. at 487; see Moore v. Sims, 200 F.3d 1170, 1172 (8th Cir. 2000); Wilson v. Lawrence County, Missouri, 154 F.3d 757, 760 (8th Cir. 1998). In such cases, the plaintiff must first seek to invalidate the conviction or sentence before seeking civil damages. Heck, 512 U.S. at 487; see Wilson, 154 F.3d at 760.

Here, Blondheim's second set of claims are premised on allegations that the Olmsted County Sheriff's Department and the Rochester City Police Department conspired to and did fabricate charges against him. Similarly, he claims that members of the two law enforcement entities arrested him without probable cause and that he is the victim of entrapment. Blondheim's third set of claims allege that the Defendants violated his Fifth Amendment right to counsel when they interrogated him and detained him for 36 hours without access to a functioning telephone or other means of contacting an attorney. Finally, Blondheim

claims that the Olmsted County Sheriff's Department conspired to violate his Sixth Amendment right to counsel when it, along with representatives of Olmsted County, charged Blondheim with multiple counts of sexual assault without allowing him to consult an attorney.

For the Court to adjudicate these two sets of claims, it would have to first determine that his conviction and sentence are invalid. The Heck rule precludes the Court from adjudicating these claims. Accordingly, the Courts dismisses Blondheim's second and third sets of claims.

### C. The Fourth Claim

Blondheim alleges that Defendants Steven Vonwald and the staff of the Olmsted County Adult Detention Center intentionally released another detainee, the father of the girl that Blondheim was accused of sexually assaulting, and allowed the father to attack Blondheim. In response to this portion of the Complaint, Defendants make three arguments: 1) Minnesota does not recognize civil conspiracy claims; 2) the two-year statute of limitations has passed for assault; and 3) the claim is barred by res judicata because Blondheim could have raised the issue in the prior suit. However, the statute of limitations period for a deprivation of federal rights under §1983 had not yet run. Additionally, res judicata would not bar the fourth claim because the claim did not arise from the same transaction and occurrence as Blondheim's knee injuries. Furthermore, the Court cannot

grant summary judgment based on qualified immunity in the absence of any facts to offset Blondheim's allegations.

The statue of limitations does not bar Blondheim's fourth claim. First, the applicable statute of limitations for this claim depends on the nature of the claim and on the nature of the injury. For personal injury claims sounding in negligence or asserting a violation of rights, plaintiffs have six years from the injury to commence a civil action. Minn. Stat. § 541.05. For claims alleging intentional infliction of personal injury, plaintiffs have two years to commence a civil action. Minn. Stat. §541.07(1). Because the United States Congress did not include a statute of limitations period for § 1983 actions, the Eighth Circuit has adopted Minnesota's six-year limitations period applicable to state civil rights claims. Helleloid v. Indep. Sch. Dist. No. 61, 149 F. Supp. 2d 863, 867 (D. Minn. 2001) (citing Egerdahl v. Hibbing Comm. Coll., 72 F.3d 615, 618 n.3 (8th Cir. 1995)).

The Eighth Amendment imposes a duty on prison officials to protect prisoners from violence at the hands of other prisoners. Perkins v. Grimes, 161 F.3d 1127, 1129 (8th Cir. 1998) (citing Farmer v. Brennan, 511 U.S. 825, 833 (1994)). Blondheim's fourth claim alleges that prison officials released another inmate, intending for that inmate to assault Blondheim. The Court regards this portion of the Complaint as an allegation that the relevant Defendants deprived Blondheim of his Eighth Amendment rights. Under §1983, Blondheim has six years from the date of the injury to bring a claim in federal court. Blondheim filed his Complaint on February 15, 2002, just days before the six-year period lapsed on February

21, 2002. Therefore, Blondheim filed his fourth claim within the statute of limitations period for a violation of his federal rights under § 1983. Defendants do not object to these allegations on factual grounds and the Court concludes that Blondheim has therefore created an issue of fact on this fourth claim.

Finally, even under a general qualified immunity defense, Defendants are not entitled to summary judgment on Blondheim's fourth claim. The test for whether qualified immunity shields a defendant from civil liability depends on what a reasonable government officer or employee would have known and done in place of the defendant. See Anderson v. Creighton, 483 U.S. 635, 640-41 (1987) (noting that where a reasonable officer in place of the defendant would understand that what he is doing violates some established right, qualified immunity does not protect the defendant); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (an officer is immune so long as his or her "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known"); Smithson v. Aldrich, 235 F.3d 1058, 1061 (8th Cir. 2000); Ware v. Morrison, 276 F.3d 385, 387 (8th Cir. 2002); Kelly v. City of Minneapolis, 598 N.W.2d 657, 663-64 (Minn. 1999) (an official is immune unless he or she acts in a ministerial capacity or intentionally committed "an act that the official has reason to believe is legally prohibited"). On this fourth claim, Defendants failed to provide the Court with any facts to justify summary judgment based on qualified immunity.

On summary judgment, the Court must construe all facts in Blondheim's favor. In the absence of any facts supplied by Defendants, the record does not support summary judgment in favor of the Defendants on this final claim. To ultimately prevail on this claim, Blondheim must prove that: 1) the officials' acts objectively caused a sufficiently serious deprivation; and 2) the officials were aware of facts from which they drew an inference that a substantial risk of serious harm existed. See Perkins, 161 F.3d at 1130.

**CONCLUSION**

The Court dismisses the claims against Defendants Dr. Dorr, the Rochester City Police Department, Mark Allen, Peter Huus, Eric Strop, and Paul Walech-Roth. The doctrines of res judicata and collateral estoppel foreclose Blondheim's first set of claims, relating to his knee injury. The Heck rule bars recovery on his second and third claims. Blondheim's fourth claim against Defendants Olmsted County, Olmsted County Adult Detention Center, Olmsted County Sheriff's Department, Steven Vonwald, John and Jane Doe(s) Staff remains. After conducting appropriate discovery, these Defendants are free to file summary judgment motions in this Court.

Accordingly, after review of the record, files and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Dr. Lugene Dorr's Motion for Judgment on the Pleadings (Clerk Doc. No. 25) is **GRANTED**;

2. Defendant Rochester City Police Department's Motion to Dismiss (Clerk Doc. No. 8) is **GRANTED**;

3. Remaining Defendants' Motion for Summary Judgment (Clerk Doc. No. 28) is **GRANTED in part** and **DENIED in part** as follows:

   a. with respect to Plaintiff's first, second and third claims, and with respect to Defendants Mark Allen, Peter Huus, Eric Strop, and Paul Walech-Roth; the Motion is **GRANTED**;

   b. with respect to Plaintiff's fourth claim against Defendants Olmsted County, Olmsted County Adult Detention Center, Olmsted County Sheriff's Department, Steven Vonwald, John and Jane Doe(s) Staff the Motion is **DENIED**.

Dated: November 1, 2002

Paul A. Magnuson
United States District Court Judge